UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN KUTTKUHN,

        Plaintiff,

v.                                                      Case No. 10-cv-14629
                                                        Paul D. Borman
                                                        United States District Judge

QUICKEN LOANS, INC.,
TROTT & TROTT, P.C., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
and BANK OF AMERICA, N.A.,

        Defendants.

_____/

**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkt. 6, 13 and 17),
(2) DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Dkt. 23), AND
(3) DISMISSING THE CASE**

**I. INTRODUCTION**

On November 22, 2010, Plaintiff Karen Kuttkuhn, proceeding *pro se*, filed the Complaint

in this case alleging the following causes of action:

        Count I: Violation of the Truth in Lending Act ("TILA");

        Count II: Fraud;

        Count III: Violation of Racketeer Influenced and Corrupt
        Organizations ("RICO") Act.

(Compl. ¶¶ 27-45) (Dkt. No. 1).  The Complaint requested relief against Quicken Loans, Inc.;

Trott & Trott, P.C.; Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of

America, N.A. (collectively, "Defendants").

1

The Complaint also named as defendants Summit Mortgage, a division of Shenandoah Valley National Bank, also known as TSS, LLC; Green Tree Servicing, LLC; Interstate Title; and Homecomings Financial, also known as GMAC Mortgage.  However, Plaintiff admitted at the March 31, 2011 hearing on Defendants' Motions to Dismiss that she never served these latter entities.  Accordingly, the Court dismissed these latter entities without prejudice in an April 1, 2011 Order (Dkt. No. 27).

On December 10, 2010, Defendant Quicken Loans filed a Motion to Dismiss (Dkt. No. 6).  Plaintiff responded on December 28, 2010 (Dkt. No. 10).  Defendant Trott & Trott concurred with Defendant Quicken Loans' Motion on January 14, 2011 (Dkt. No. 11) and filed its own Motion to Dismiss and for Summary Judgment on January 26, 2011 (Dkt. No. 13).  On February 1, 2011, Defendants Bank of America and MERS also filed a Motion to Dismiss (Dkt. No. 17).  Defendant Quicken Loans filed a reply brief on February 11, 2011 (Dkt. No. 19).

On February 14, 2011, Plaintiff filed a letter with the Court, dated February 11, 2011, which stated: "I wish to dismiss this case against all parties mentioned on [sic] lawsuit.  Please notify defendants and send me a letter of notice of dismissal."  (Dkt. No. 20).  One day later, Plaintiff filed a Motion for Extension of Time, which stated:

> I am requesting an extension for a response that is due February 16, 2011. . . .  I previously thought the right thing to do was ask for a dismissal but have found out since that would not be the right thing to do.  I would like a 15-day extension so that I can properly respond to Defendants in this case.  Please extend my response time out 15 days.

(Dkt. No. 21).  The Court granted Plaintiff's request.  (Dkt. No. 22).

On March 2, 2011, Plaintiff filed a Motion to Amend and Supplement Complaint.  (Dkt. No. 23).  Plaintiff did not attach a proposed amended complaint to her motion, as required by

2

E.D. Mich. LR 15.1.

On March 31, 2011, the Court held a hearing on Defendants' Motions to Dismiss and Plaintiff's Motion to Amend. The Court noted that it would not rule on Plaintiff's Motion to Amend unless Plaintiff filed a proposed Amended Complaint. Plaintiff then filed an Amended Complaint on April 8, 2011 (Dkt. No. 28).

For the reasons stated below, the Court will Grant Defendants' Motions and deny Plaintiff's Motion to Amend.

## II. BACKGROUND

In reviewing a motion to dismiss, the Court takes the factual matter in the Complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiff and her husband executed a mortgage agreement on property in Highland, Michigan,[1] on June 25, 2004. Plaintiff's lender was Defendant Quicken Loans, Inc. Plaintiff's servicer was Defendant MERS. At some point prior to the filing of this case, Defendant Quicken Loans sold the mortgage to Defendant Bank of America, N.A. ("BANA"). On September 14, 2010, Defendant MERS assigned the mortgage to Defendant BAC Home Loans Servicing, L.P. ("BAC") (Def. Trott & Trott's Mot. Ex. C - Assignment). Thus, the current holder of the mortgage note is BANA, and the current servicer of the mortgage is BAC.

On September 9, 2010, Defendant Trott & Trott, representing Defendant BAC, sent Plaintiff a letter advising that the mortgage loan was in default. (Compl. Ex. C). Plaintiff alleges that she requested a validation of the debt. On October 6, 2010, Defendant Trott & Trott

---

[1]The property at issue is described as: Lot 126, Oak Heights Subdivision, as recorded in Liber 24, page 20 of Plats, Oakland County Records. Parcel identification number: 11-10-477-001. More commonly known as: 802 Oakgrove, Highland, Michigan 48356-1648.

sent Plaintiff a letter stating that Defendant BAC "reviewed its records and verifies that the debt is valid." (Compl. Ex. D). The letter included a copy of the mortgage assignment and Plaintiff's payment history. Thereafter, Plaintiff sent Defendant Trott & Trott a letter requesting it cease and desist from "all communication and collection activity." (Compl. Ex. E). The letter stated that Trott & Trott "has failed to provide the proof required by law to show that any debt exists and therefore has no legal standing, claim of valid interest with my property, promissory note and mortgage contract." (Compl. Ex. E).

### III. LEGAL STANDARD

**A. Motion to Dismiss**

A complaint only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. The complaint "does not need detailed factual allegations[,]" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* These factual allegations must be enough to create "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). This is not "a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Further, a court need not accept as true either legal conclusions or elements "supported by mere conclusory statements[.]" *Id. See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

However, the Court must construe the factual allegations in the instant Complaint

liberally because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Percival v. Girard*, 692 F. Supp. 2d 712, 727 (E.D. Mich. 2010). But *pro se* litigants "are not automatically entitled to take every case to trial[,]" and "the 'leniency standard' has still required basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2003).

**B. Motion for Summary Judgment**

Defendant Trott & Trott's Motion requests summary judgment under Fed. R. Civ. P. 56(c). However, summary judgment is appropriate only "after adequate time for discovery[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The parties in the instant case have not yet filed an answer to Plaintiff's complaint, let alone engaged in discovery. The Court therefore denies as premature Defendant Trott & Trott's request for summary judgment.

**C. Motion to Amend**

Under Rule 15(a), "[l]eave to amend must be freely given when justice so requires." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011). But the motion should be denied where "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Id.* (citation omitted).

## IV.  ANALYSIS

**A. Plaintiff's TILA Claim Is Untimely**

Defendants BANA and MERS argue that Plaintiff's TILA claim is barred by the statute of limitations.

5

As an initial matter, the Court notes that Plaintiff's TILA claim relies on 15 U.S.C. § 1635(a) and (b), and 12 C.F.R. § 226.23(b), which provide a right to rescission. (Compl. ¶ 35). However, "[t]he right of rescission under section 1635 does not apply to a 'residential mortgage transaction[.]'" *Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 841 (E.D. Mich. 2010). This includes "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). The property acquired in the mortgage transaction at issue was used by Plaintiff as her residence. (Compl. ¶¶ 12 and 46). Accordingly, Plaintiff cannot state a cognizable claim for rescission under § 1635, and her claim will be dismissed.

Plaintiff may seek damages under TILA pursuant to § 1640, but this claim is barred by the statute of limitations. "Any action under this section may be brought . . . within one year from the date of the occurrence of the violation . . ." 15 U.S.C. § 1640(e). The Sixth Circuit has interpreted this language to mean that the statute of limitations begins at the time a contract is entered into.

> It thus appears that a credit transaction which requires disclosures under the Act is completed when the lender and borrower contract for the extension of credit. The disclosures must be made sometime before this event occurs. If the disclosures are not made, this violation of the Act occurs, at the latest, when the parties perform their contract.

*Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973). *See also Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (holding that "as a standard rule, the statute of limitations begins to run when the plaintiff has a complete and present cause of action and thus can file suit and obtain relief." (punctuation and citation omitted)).

Taking Plaintiff's allegations as true, the violation in this case occurred on June 25, 2004

6

(Compl. ¶ 12), and Plaintiff's right to statutory damages under TILA expired on June 25, 2005, more than five years before the Complaint was filed.  Plaintiff's claims under TILA are thus barred by the statute of limitations and will be dismissed.

**B.  Plaintiff Has Failed to State Claims for Fraud or RICO Violations**

All the Defendants assert that Plaintiff's RICO and fraud allegations fail to properly state a claim upon which relief can be granted.

*1.  Fraud*

To state a claim for fraud in Michigan, Plaintiff must show:

> (1) That defendant[s] made a material representation; (2) that it was false; (3) that when [they] made it [they] knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that [they] made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that [s]he thereby suffered injury.

*Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976).  Plaintiff must also satisfy Federal Rule of Civil Procedure 9(b), which requires claims of fraud to be pled with particularity.  "To satisfy FRCP 9(b), a plaintiff must at minimum allege the time, place and contents of the misrepresentation(s) upon which he relied."  *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

Plaintiff's fraud claim is alleged as follows:

> Plaintiff is informed and believes and thereupon alleges that said promissory note was never executed, and if it was executed, has long since been lost or intentionally destroyed, or assigned to a third party.  In such, that reconveyance and names of all Defendants, banks, title company, appraisers, auditors, mortgage companies and Quicken Loans lacks [sic] or lacked standing to initiate a foreclosure against the subject property.

> Pursuant to Michigan Law, "Fraud is an intentional perversion or

7

concealment of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing or to surrender [sic] legal right. [sic] . . .

Plaintiff is the nominal payor on the subject Promissory Note.

(Compl. ¶¶ 39-41).  Plaintiff has not alleged any facts that indicate the specific time, place or content of the alleged fraud.  Plaintiff has also failed to allege that she relied on Plaintiff's purportedly fraudulent representations, or that she suffered any injury as a result of her reliance. Accordingly, Plaintiff has failed to sufficiently plead fraud under either Michigan law or the strictures of Rule 9(b), and her claim must be dismissed.

The Court notes that Plaintiff's fraud claim appears to be based, in part, on the allegation "that [MERS] as nominee company has no rights or standing as a mortgagee."  (Compl. ¶ 28). As support for this assertion, Plaintiff cites a Kansas Supreme Court case, *Landmark Nat. Bank v. Kesler*, 216 P.3d 158 (Kan. 2009).

A court in this District has held that MERS has the right to institute foreclosure proceedings.  *Hilmon v. Mortgage Electronic Registration Systems, Inc.*, No. 06-13055, 2007 WL 1218718 (E.D. Mich. Apr. 23, 2007); *see also Corgan v. Deutsche Bank Nat. Trust Co.*, No. 09-cv-939, 2010 WL 2854421 (W.D. Mich. July 20, 2010).  Moreover, Plaintiff's mortgage agreement states that "MERS is the mortgagee under this Security Instrument."  (Compl. Ex. A - Mortgage at 2).  Plaintiff's claims are therefore without merit to the extent that they allege MERS lacked standing to initiate the foreclosure proceedings.

*2. RICO Claim*

Plaintiff purports to state a RICO claim as follows:

8

> Quicken Loans, the loan seller, i.e. the initial lender that funded the loan and each other Defendant, . . . was paid a fee to pose as a residential [sic], when in fact, the source of the loan funds and the actual lender . . . and underwriter . . . along with Defendant Interstate Title were other parties, whose identities and receipts of fees and profits were withheld from Plaintiff at closing and despite numerous requests to validate the debt and provide the original blue-ink Promissory Note, continue to be withheld from the Plaintiff, contrary to the requirements of Federal and applicable State law.
>
> Unknown to the Plaintiff, Defendant Quicken Loans, acting [sic] as the loan seller and principal in it's [sic] relationship with the "independent appraiser."
>
> All Defendants . . . share in illegal proceeds of the transaction, conspired with each other to defraud Plaintiff out of the proceeds of the loan, acted in concert to wrongfully steal/convert the Plaintiff's home without producing said Promissory Note and without providing the Plaintiff reasonably equivalent value in exchange and conducted an illegal enterprise within the meaning of the RICO Statue [sic]. . .

(Compl. ¶¶ 43-45).

A plaintiff may seek civil damages under 18 U.S.C. § 1962(c)[2] when the complaint alleges: "(1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (footnote omitted).

Plaintiff has not alleged specific acts, let alone a pattern of acts, that satisfy the definition of "racketeering activity" under § 1961(1). *See Brown v. Cassens Transport Co.*, 546 F.3d 347, 352-56 (6th Cir. 2008). Regarding Plaintiff's allegations that Defendants "share[d] in illegal

---

[2]The Court notes that Plaintiff has stated a claim under the "RICO Statute," and has not specified which provision – § 1962(a), (b) or (c) – her claim is based upon. But all three provisions require at a minimum the allegations enumerated here.

proceeds," "conspired with each other to defraud Plaintiff," and "conducted an illegal enterprise within the meaning of the RICO [statute]" (Compl. ¶ 45), without any factual basis these statements are vague and conclusory, and they are not sufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555. Accordingly, the Court will grant Defendants' motions and dismiss Plaintiff's RICO claim.

**C. Plaintiff's Motion to Amend**

Ordinarily, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *E.E.O.C. v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993). But the Court need not grant leave to amend where the amendment would be futile. *Carson*, 633 F.3d at 495.

In her Amended Complaint Plaintiff again alleges fraud, but not TILA or RICO violations. (Am. Compl.).[3] Plaintiff does not state a basis for this Court's jurisdiction over her fraud claim, which arises under state law. The Court therefore finds that, if the instant matter is allowed to proceed under Plaintiff's Amended Complaint, this Court would be required to dismiss the action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegation of fraud is as follows:

> In the instant case and considering Michigan's Statute of Frauds, Defendants MERS via representative, Vice President Jeanne M. Kivi's, Trott & Trott via Attorney Ellen L. Coon's, and BANA's conduct of constructing and executing an invalid assignment of mortgage, in violating MCL 493.17(2), these learned individuals

---

[3]Plaintiff's Amended Complaint does not contain page numbers, and her fraud allegation is contained under the heading "MEMORANDUM OF LAW," which does not have numbered paragraphs.

> knew and/or should have known a blank assignment would be
> invalid to pursue foreclosure.

(Am. Compl.).  Mich. Comp. Laws § 493.17(2) states:

> If the borrower is married, a chattel mortgage or other lien on
> household goods shall not be valid unless it is signed in person by
> both husband and wife.  The written assent of a spouse under this
> section shall not be required when husband and wife have been
> living separate and apart for a period of not less than 5 months
> before the making of the chattel mortgage or other lien.

A "chattel mortgage" is "[a] mortgage on goods purchased on installment, whereby the seller transfers title to the buyer but retains a lien securing the unpaid balance." *Black's Law Dictionary* (9th ed. 2009), mortgage.  Mich. Comp. Laws § 493.17(2) is therefore inapplicable in the instant case, which involves the conveyance of a note secured by a mortgage on real property, not goods.  *See generally Prime Financial Servs. v. Vinton*, 279 Mich. App. 245, 256 (2008).

Taking Plaintiff's fraud allegations as true, the contents of the Amended Complaint are not "enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. As noted *supra*, Plaintiff has also failed to allege any basis for subject matter jurisdiction. Accordingly, granting Plaintiff's Motion to Amend would be futile, and the Court will therefore deny the Motion.

### V.  CONCLUSION

For the reasons stated above, the Court should:

1. **GRANT** Defendants' Motions to Dismiss;

2. **DENY** Plaintiff's Motion to Amend;

3. **DISMISS** Plaintiff's TILA claim (Count I) **WITH PREJUDICE**, and

11

4.  **DISMISS** Plaintiff's fraud claim (Count II) and RICO claim (Count III) **WITHOUT**

**PREJUDICE**.


**SO ORDERED.**


                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  April 26, 2011

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
April 26, 2011.


                                        S/Denise Goodine
                                        Case Manager